IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EL DON WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3299-D-BN |
| | § | |
| UNITED STATES, STATE OF TEXAS, | § | |
| and DON AMECHE LEVERN WRIGHT, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff El Don Wright brings this *pro se* lawsuit against the United States, the State of Texas, and (possibly) an individual named Don Ameche Levern Wright, alleging claims that – through filings indicating that he resides in a "Republic Nation outside of the U.S. Federal Bailment Zone," *e.g.*, Dkt. No. 6 at 1 – appear to be based on discredited sovereign citizen legal theories, *see generally* Dkt. Nos. 3 & 6.[1] Wright's lawsuit has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from Senior

---

[1] *See also Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) ("So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.' However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." (citations omitted)), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

United States District Judge Sidney A. Fitzwater. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for lack of subject matter jurisdiction.

## Legal Standards

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Plaintiffs filing in this Court must establish federal jurisdiction. *See Butler v.*

*Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if they do not, the federal lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). And "this 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F.

App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

And "[t]he basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Indeed, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

## Analysis

I.  The Court should dismiss the claims against the United States for lack of <u>subject matter jurisdiction</u>.

"'The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent.'" *Cascabel Cattle Co., L.L.C. v. United States*, 955 F.3d 445, 450 (5th Cir. 2020) (quoting *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017)). "[T]he existence of consent is a prerequisite for jurisdiction." *Id.* (quoting

*United States v. Navajo Nation*, 537 U.S. 488, 502 (2003)). And "[a] waiver of the Government's sovereign immunity is typically construed, 'in terms of its scope, in favor of the sovereign.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Because Plaintiff has not shown that the United States has consented to being sued for the claims that he asserts, the Court lacks jurisdiction over the claims against the United States, and they should be dismissed.

II.  The Court should dismiss the claims against the State of Texas for lack of <u>subject matter jurisdiction</u>.

> States are immune from suit except by their consent or by express abrogation of their immunity by Congress pursuant to an appropriate constitutional provision. *Alden v. Maine*, 527 U.S. 706, 733 (1999); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72 (1996). The states' immunity "is a fundamental aspect of the sovereignty which the [s]tates enjoyed before the ratification of the Constitution, and which they retain today ... except as altered by the plan of the Convention or certain constitutional Amendments." *Alden*, 527 U.S. at 713. The [United States] Supreme Court has made it clear that, although the states' immunity from suit has been referred to as "Eleventh Amendment immunity," this phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Id.*; *accord Franchise Tax Bd. of Cal. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019).
>
> The Eleventh Amendment confirmed the deeply rooted "recognition that the [s]tates, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Hyatt*, 139 S. Ct. at 1496 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). However, because the Eleventh Amendment textually divests federal courts of jurisdiction over states, it is indispensable to assessing this court's jurisdiction. Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States ...." U.S. CONST. amend. XI.
> ….

*Sissom v. Univ. of Tex. High Sch.*, 927 F.3d 343, 346-47 (5th Cir. 2019) (per curiam).

Because Plaintiff fails to show that the State of Texas has consented to – or

that Congress has expressly abrogated Texas's immunity as to – the claims that he now brings, the Court lacks jurisdiction over the claims against the State of Texas, and they should be dismissed. *Cf. Fontaine v. U.S. Gov't*, No. Civ .A. 04-30080-MAP, 2004 WL 2284499, at *3 (D. Mass. July 22, 2004) ("According to the Supreme Court, Eleventh Amendment immunity may be considered waived 'only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' Here, Plaintiff provides no such evidence. … His unsupported assertion that the Eleventh Amendment 'is not a shelter for Abuse of Power or Crimes against Sovereign Citizens' is unavailing." (citation omitted)).

III. The Court should dismiss the claims against the individual defendant for lack of subject matter jurisdiction.

The individual defendant added in the amended complaint appears to be an alias of the plaintiff. *See, e.g.*, Dkt. No. 6 at 4-5 (Notice Concerning Fiduciary Relationship, listing "Don A. Wright" at the same address plaintiff represents to be his address). Regardless – if there is an individual defendant who is also not the plaintiff – Plaintiff has not "'distinctly and affirmatively alleged'" a "basis for diversity jurisdiction," *Dos Santos*, 516 F. App'x at 403, by, for example, establishing complete diversity.

Plaintiff has only offered evidence of a Dallas residence, which is prima facie evidence that he is domiciled in Texas, just like his alias/the individual defendant. And the Court need not accept that Plaintiff resides in a "Republic Nation outside of the [United States]," as he alleges. *Cf. Knight v. Chatelain*, No. 8:19CV206, 2019 WL

2464789, at \*6 (D. Neb. June 13, 2019) ("Knight does not purport to invoke the court's 'diversity of citizenship' jurisdiction, under 28 U.S.C. § 1332, nor could she legitimately do so based on her alleged status as 'a citizen of the Moorish National Republic Federal Government, Northwest Africa.'" (citations omitted)).

Plaintiff has also failed "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *E.g.*, *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

Further, "[s]overeign-citizen legal arguments like those found in [Plaintiff's complaint as amended] are indisputably meritless." *Westfall*, 2018 WL 2422058, at \*2. They therefore cannot allege a federal question that is "sufficient to establish jurisdiction in a federal court." *Raymon*, 639 F.2d at 257.

### Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE